IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TODD NEIL HOLTZMAN            :

    Plaintiff                :

v                             :         Civil Action No. WDQ-07-1473

BOBBY SHEARIN, *et al.*       :

    Defendants               :
                  o0o

# MEMORANDUM

    Pending is Plaintiff's Motion for Amendment, Motion to Appoint Counsel and Motion to Dismiss Defendant's Response to Order to Show Cause. Papers No. 6, 8, and 9.  Also filed in this case is the prisoner trust fund account statement filed pursuant to this Court's Order of June 18, 2007.  Papers No. 4 and 5.  Because the account statement reflects that Plaintiff's initial partial filing fee would be $1.98, the Court finds that the administrative costs of collecting the fee negates the benefit of charging the fee to Plaintiff.  Plaintiff's Motion to Proceed In Forma Pauperis will therefore be granted.

    Plaintiff seeks to add Jeffrey Nines and Thomas L. Wolfe as party defendants.  Paper No. 6.  Because no responsive pleading was filed prior to this motion, Plaintiff is not required to seek leave of the Court to amend the Complaint.  His motion shall be granted and the Clerk will be instructed to add Nines and Wolfe to the docket.

    Plaintiff also seeks appointment of counsel in this case.  Paper No. 8.  The power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).  The *pro se* Complaint in the instant case alleges unconstitutional conditions with respect to protective custody inmates.  The only circumstances cited by Plaintiff for appointment of counsel inability to hire an attorney and the impact of imprisonment on his ability to go to trial in this case.  Plaintiff is able to obtain affidavits of other prisoners and file them in court.  He has demonstrated the wherewithal to proceed in this case *pro se*.  Trial has not been scheduled in this case.  Therefore, the Court finds that exceptional circumstances warranting appointment of counsel are not present.  The motion will be denied without prejudice.

Plaintiff's Motion to Dismiss Defendant's Response to Show Cause Order alleges that Defendants' statements concerning exposure of protective custody inmates to general population inmates are not true.[2]  Paper No. 9.  Plaintiff submits affidavits from other inmates on protective custody stating that the practices in place currently allow general population inmates to get close enough to protective custody inmates to spit on them.  *Id*.  Plaintiff asserts that this practice violates correctional directives concerning protective custody. *Id*.

Defendant's Response states that Plaintiff was assigned to protective custody and disciplinary segregation status and that he was offered recreation and showers on numerous occasions without suffering harm.  Paper No. 7.  Defendants admit that the housing unit where Plaintiff is confined holds protective custody, administrative segregation, and disciplinary

---

[2] Plaintiff admits the "general population" inmates housed on his tier are in fact segregation status, and many were believed to be involved I the "uprising" at North Branch Correctional Institution. That the prisoners are classified as maximum security, and thus should not be housed on segregation with those like himself who are minimum or medium security prisons.

segregation inmates, but state that protective custody inmates are never left alone or in the company of another inmate when they are taken to showers, nor are they placed in the recreation area with other non-protective custody inmates.  *Id*.  They assert that the only incident cited by Plaintiff alleges he was spat upon by another inmate, and such an "injury" does not amount to an Eighth Amendment violation nor warrant the injunctive relief sought.[3]  *Id*.

The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted.  *See  Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).  The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction.  *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)    In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Plaintiff asserts that current practices do not comply with correctional directives, permit

---

[3] Plaintiff seeks an order from this Court requiring Defendants to cease housing inmates who are not protective custody status with protective custody inmates.  Paper No. 1.

verbal threats to be communicated to protective custody inmates, and permit assaults such as spitting.  Paper No. 9.  The allegations are not enough to establish a likelihood of irreparable harm to Plaintiff, whodoes not allege that a particularized threat to his safety is permitted to flourish in the current scheme. Assuming Plaintiff's allegations are true, verbal threats and spitting by general population inmates housed near protective custody inmates, do not show that plaintiff will likely suffer.   Accordingly, the motion for preliminary injunction will be denied.

In light of the fact that Plaintiff seeks only injunctive relief through his Complaint, his lawsuit is subject to dismissal.  Accordingly, it will be dismissed by separate order which follows.

<u>August 8, 2007</u>                                                            /s/
Date                                               William D. Quarles, Jr.
                                                   United States District Judge